UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELIX LC RODRIGUEZ,

    Plaintiff,

v.                                                     Case No. 3:17-cv-531-J-34JBT

BELKIS C. PLATA AND
DIANA L. JOHNSON,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Felix LC Rodriguez, an inmate of the Florida penal system, initiated this action on March 9, 2017, by filing a pro se Civil Rights Complaint Form (Complaint; Doc. 1). Rodriguez names Belkis C. Plata and Diana L. Johnson as defendants. In the Complaint, Rodriguez asserts claims of ineffective assistance of counsel, negligence, fraud, breach of fiduciary duty, and breach of contract. As relief, he seeks monetary damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from suit relief. See 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of § 1915(e)(2)(B)(ii) mirrors that of Rule 12(b)(6), Federal Rules of Criminal Procedure, as

such courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted). In conducting this review, of course the Court is mindful of its obligation to read a pro se litigants allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). To satisfy the "under color of state law" element, a defendant's actions must be "fairly attributable to the State" which requires that the defendant must be a "person who may fairly be said to be a state actor." Lugar v. Edmondson Oil. Co., 457 U.S. 922, 937 (1982). The Supreme Court has unequivocally stated that "a lawyer representing a client is not, by virtue of being an officer of the court,

2

a state actor 'under the color of state law' within the meaning of § 1983." Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981).

In the Complaint, Rodriguez asserts claims against Plata, his trial attorney and Johnson, his appellate attorney, who were both appointed by the State court to represent Rodriguez in a criminal case. Rodriguez alleges that Plata (1) refused to investigate witnesses and physical evidence, (2) refused to file pre-trial motions, and (3) "reneged on her agreement to do the job for which she was appointed." Complaint at 6. With respect to Johnson, Rodriguez alleges that Johnson refused to appeal the denial of his motion to recuse the judge in his criminal case and intentionally "omitted a material fact" from his appeal. Complaint at 6. All of Rodriguez's allegations are based on actions Defendants allegedly took or failed to take while representing him as counsel in the criminal case, and as such, fail to demonstrate that Defendants acted "under color of state law." Indeed, it is well established that "[p]ublic defenders do not act under color of state law for purposes of section 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Wusiya v. City of Miami Beach, 614 F. App'x 389, 392 (11th Cir. 2015) (internal quotations omitted); see also Dodson, 454 U.S. at 325. Therefore, Rodriguez has failed to allege facts suggesting that any constitutional deprivation occurred "under color of state law." As such, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss without prejudice the alleged § 1983 claims.

Further, the Court dismisses Rodriguez's arguable state law claims. Because Rodriguez does not demonstrate that the Court has original jurisdiction over his state law claims, the Court may only entertain the remaining state law claims by exercising its supplemental jurisdiction. See 28 U.S.C. § 1367(a). "The decision to exercise

3

supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004) (citing Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir.1999)).  The Court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997); see Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1569 (11th Cir. 1994) ("If the court decides that it has the discretion, under section 1367(c), to decline jurisdiction in this case, it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction."). Where, as here, a plaintiff's federal claims are dismissed prior to trial, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).  As such, in consideration of the interests of judicial economy and convenience, the Court declines to exercise supplemental jurisdiction over Rodriguez's state law claims.  Accordingly, it is

**ORDERED and ADJUDGED:**

4

1. This case is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sflc

c: Felix LC Rodriguez, # T81827